# United States Court of Appeals
## For the First Circuit

_____

No. 01-2585

ROBERTO MEDINA,
Petitioner, Appellant,

v.

JAMES MATESANZ; THOMAS F. REILLY,
Respondents, Appellees.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

_____

Before

Torruella and Lipez, Circuit Judges,
and Schwarzer,[*] Senior District Judge.

_____

Jeffrey L. Baler on brief for appellant.
Dean A. Mazzone, Assistant Attorney General, with whom Thomas
F. Reilly, Attorney General, was on brief for appellees.

_____

August 7, 2002

_____

[*]Of the Northern District of California, sitting by
designation.

**SCHWARZER, Senior District Judge**. Roberto Medina appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(d)(1). He contends that the state trial court's malice instruction created a mandatory rebuttable presumption shifting the burden to him in violation of due process under the Fifth and Fourteenth Amendments.[1] We hold that although the instruction was constitutional error, it was harmless error because it did not have a "substantial and injurious effect on the verdict" under Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). We therefore affirm.

## PROCEDURAL BACKGROUND

On October 4, 1975, Medina was convicted of murder in the first degree by a Massachusetts state court. The trial court denied his motion for a new trial, and the Supreme Judicial Court ("SJC") affirmed the conviction on May 5, 1980. Commonwealth v. Medina, 380 Mass. 565 (1980) ("Medina I"). On July 9, 1996, Medina again moved the state court for a new trial, claiming that subsequent decisions of the United States Supreme Court with respect to burden-shifting presumptions in jury instructions rendered the trial court's instruction on malice erroneous and

---

[1]"A mandatory presumption, even though rebuttable, is different from a permissive presumption, which 'does not require . . . the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and . . . places no burden of any kind on the defendant.'" Yates v. Evatt, 500 U.S. 391, 402 n.7 (1991) (quoting Ulster County Court v. Allen, 442 U.S. 140, 157 (1979)).

prejudicial.  The motion was denied.  A single justice of the SJC denied Medina's motion for leave to appeal on August 15, 1997.  On January 27, 1998, the justice granted Medina's motion for reconsideration and referred the appeal to the full bench of the SJC.  On February 17, 2000, the SJC again affirmed the conviction for murder in the first degree.  Commonwealth v. Medina, 430 Mass. 800 (2000) ("Medina II").  It held that the trial judge's instruction regarding malice violated Sandstrom v. Montana, 442 U.S. 510 (1979), but was harmless beyond a reasonable doubt under Chapman v. California, 386 U.S. 18 (1967), and Yates v. Evatt, 500 U.S. 391 (1991).  Medina II, 430 Mass. at 812.  Medina filed the instant petition on October 27, 2000.  The district court held that the instruction erroneously shifted the government's burden, but that the error was harmless under Brecht, because it did not have a substantial and injurious effect on the jury verdict.  Medina timely appealed.

**DISCUSSION**

At Medina's trial for the unlawful killing of Ana Asua the court instructed the jury, in relevant part, as follows:

> [M]alice . . . means every unlawful motive that may be inferred from unlawful killing, and when there are no circumstances disclosed tending to show justification or excuse, there is nothing to rebut the presumption of malice. Malice . . . include[s] any intent to inflict injury upon another without legal excuse or palliation.

The government concedes that the instruction, containing an

-3-

evidentiary presumption that relieved the prosecution of its burden to prove each essential element of the crime beyond a reasonable doubt, was tainted by a <u>Sandstrom</u> error.[2]  The only issue before us, therefore, is whether the error was harmless beyond a reasonable doubt.

Our review of the petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  In relevant part, the AEDPA precludes a federal habeas court from granting relief unless the state court adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or, alternatively, was based upon "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The AEDPA further provides that "a determination of a factual issue made by a state court shall be presumed to be correct" unless petitioner is able to "rebut the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Medina does not

---

[2]As the SJC held, "[b]y thus requiring the jury to conclude that the killing was committed with malice if they found the fact of a killing coupled with the absence of a legally cognizable excuse or justification, the instruction relieved the Commonwealth of its burden to prove beyond a reasonable doubt the killer acted with malice, and could have precluded the jury from considering any evidence, if such existed, that might have mitigated malice." <u>Medina II</u>, 430 Mass. at 804.

contend that the SJC's adjudication was based on an unreasonable determination of factual issues.

The SJC held that the instruction shifted the burden of disproving malice to the defendant. It then proceeded, in a comprehensive and painstaking opinion, to review the evidence relevant to the predicating fact, viz., the unlawful killing, from which, under the deficient instruction, the ultimate fact of malice was to be conclusively presumed. It found the evidence to show that Medina repeatedly struck the victim with a baseball bat as she was lying incapacitated on the ground, causing the bat to break into two pieces. Other evidence showed that the defendant participated in a further assault on the victim by dragging her body behind an automobile. Medina did not dispute the killer's malice at trial, instead denying that he was the killer and disputing the causal link between the assault on the victim and her death. These facts, the court found, "overwhelmingly demonstrate that the victim's assailant acted with malice." Medina II, 430 Mass. at 808. It reasoned that if the evidence that the jury found sufficient to prove the predicating fact was "so closely bound up with the ultimate fact presumed (here, malice) that they could not reasonably have found the former without also finding the latter, then the presumption was, beyond a reasonable doubt, harmless to the defendant." Medina II, 430 Mass. at 806. "In light of the evidence regarding the nature of the assault on the victim and her

-5-

resulting injuries," the court further concluded, "the jury's finding the predicate fact of unlawful killing was the functional equivalent of their finding the ultimate fact to be presumed, malice." Medina II, 430 Mass. at 808.[3]

The SJC then applied the two-step harmless error analysis under Yates. It determined first that reasonable jurors would have understood the malice instruction to limit their consideration of the case to the evidence that bore on the circumstances of the killing and preclude their consideration of any further evidence of Medina's malice. It then determined at the second step that weighing the probative force of that evidence against the presumption standing alone, the evidence considered by the jury in accordance with the instruction was so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same in the absence of the presumption. Medina II, 430 Mass. at 802. Although the Supreme Court in Estelle v. McGuire, 502 U.S. 62, 70 n.4 (1991), disapproved of the standard of review articulated in Yates (namely, what "a reasonable juror would have understood the instruction to mean"), the Yates two-step harmless error analysis for mandatory burden-shifting instructions

---

[3]The evidence does not support Medina's arguments that he was provoked, involved in sudden combat, defending himself, or defending Muniz. As the SJC's recitation of the facts makes clear, the victim was incapacitated on the ground when Medina assaulted her with the bat or the car. She could not have provoked him; he was not in the midst of combat; and the victim posed no threat to him or anyone else from that position.

remains unimpaired.

A court on direct appeal "confronted by a preserved constitutional error must set aside the judgment unless it is satisfied that the error was harmless beyond a reasonable doubt." Sanna v. DiPaulo, 265 F.3d 1, 14 (1st Cir. 2001) (citing Chapman, 386 U.S. at 24). We have held, however, that the "less exacting" harmless error standard under Brecht, 507 U.S. at 619, governs our review on habeas. Sanna, 265 F.3d at 14. A federal habeas court, we said, is bound to uphold a state court judgment, notwithstanding a preserved constitutional error, as long as the error did not have "a substantial, injurious effect on the jury's verdict." Id. at 14. We agree with the SJC's analysis and conclude that the evidence the jury would have considered was so overwhelming that the instruction error could not have had a substantial, injurious effect on the verdict. Our conclusion is buttressed by the fact that since Medina did not contest malice, there was no other evidence to mitigate the compelling force of the evidence of malice. By analogy, in Bembury v. Butler, 968 F.2d 1399 (1st Cir. 1992), we held a constitutionally defective malice instruction harmless beyond a reasonable doubt because malice was not contested at trial. There we observed: "Bembury's only defense was his alibi, that he did not commit the murder. . . . Bembury's failure to argue the issue of malice amounted to a concession of that issue, because, as in Hill, 'intent was never put in issue, and

indeed, could hardly have been contested.'"  <u>Id.</u> at 1402-03 (quoting <u>Hill</u> v. <u>Maloney</u>, 927 F.2d 646, 656 (1st Cir. 1990)); <u>see also</u> <u>Sanna</u>, 265 F.3d at 15 (finding arguably erroneous intoxication instruction harmless beyond a reasonable doubt because defendant premised his trial defense on mistaken identity); <u>Buehl</u> v. <u>Vaughn</u>, 166 F.3d 163, 177 (3d Cir. 1999).

## CONCLUSION

Bound as we are by the SJC's determination of the facts, we conclude that the burden-shifting malice instruction, though constitutional error, did not have a substantial, injurious effect on the verdict.

**<u>Affirmed</u>**.